THEODORE GRIFFIN, Respondent, *v.* SWINBURNE HALE, Appellant.

*Contract — specific performance — letters constituting contract for purchase of real property — when specific performance decreed.*

*Griffin* v. *Hale*, 202 App. Div. 731, affirmed.

(Argued January 10, 1923; decided January 30, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 9, 1922, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term in an action to compel specific performance of an alleged contract to purchase real property. The alleged contract consisted of two letters, one from plaintiff's agent to defendant and the defendant's reply thereto. The trial court found that the two letters made a complete contract and decreed specific performance. The modification by the Appellate Division directed payment of interest upon the unpaid purchase money.

*Murray C. Bernays* for appellant.

*C. W. Ticknor* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

LAURENCE H. ATKINSON, Appellant, *v.* FISKE BROTHERS REFINING COMPANY, Respondent.

*Contract — master and servant — action to recover for alleged wrongful discharge — term of employment.*

*Atkinson* v. *Fiske Bros. Refining Co.*, 201 App. Div. 859, affirmed.

(Argued January 11, 1923; decided January 30, 1923.)

APPEAL from a judgment of the Appellate Division in the Supreme Court in the second judicial department, entered March 18, 1922, affirming a judgment in favor of defendant entered upon a verdict. The action was to recover upon an alleged contract of employment, plaintiff claiming wrongful discharge. The question at issue was

whether the contract could be terminated at will by either party or whether the effect of certain resolutions of defendant's board of directors was to continue plaintiff's employment for the " current year," and if so the meaning of that term.

*Bruce R. Duncan* for appellant.

*John Hill Morgan* and *George A. Spiegelberg* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Dissenting: CRANE, J.

---

MICHAEL MARINO, Respondent, *v.* WILLIAM J. FARRELL, Appellant.

*Negligence — dumbwaiter — action to recover for injury received through fall of dumbwaiter — when one who assists janitress in ·return for lodging to the knowledge of agent of owner may recover against owner for injuries received through his neglect.*

*Marino* v. *Farrell*, 201 App. Div. 367, affirmed.

(Argued January 11, 1923; decided January 30, 1923.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 19, 1922, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial in an action to recover for personal injuries alleged to have been sustained by plaintiff by reason of the negligent and careless manner in which defendant maintained a dumbwaiter in his apartment house whereby the rope thereof was caused to break, thus letting the dumbwaiter fall upon plaintiff, while he was in the basement of the house, using the dumbwaiter in taking down garbage and ashes from the apartments above. The theory of the complaint is that at the time of the occurrence which resulted in plaintiff's injuries, he was using the dumbwaiter as an invitee of defendant, it being shown that he slept on the premises by permission of the janitress and in return assisted her with her work and that this fact was known

33